HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN BARKIS and BRENDA BARKIS, husband and wife and the marital community composed thereof,<br><br>Plaintiff,<br><br>v.<br><br>CORE DISTRIBUTION, INC., a foreign corporation; TOZIER BROS., INC., a Washington corporation doing business as TOZIER BROTHERS ACE HARDWARE,<br><br>Defendant. | CASE NO. 3:13-cv-06067-RBL<br><br>ORDER GRANTING MOTION TO COMPEL DESTRUCTIVE TESTING |

THIS MATTER comes before the Court on Plaintiff Martin Barkis's Motion to Compel Destructive Testing [Dkt #16]. In 2012, Barkis fell from a ladder that Defendant Core Distribution manufactured. He sued Core and the hardware store that sold him the ladder[1] claiming, among other things, that the ladder was defectively designed and manufactured. He now moves for permission to conduct destructive testing on the ladder. He claims that he has tried non-destructive testing but that he needs to take the ladder apart to prove his claims. Core

---

[1] The claims against the hardware store and its owners have been dismissed.

ORDER GRANTING MOTION TO COMPEL DESTRUCTIVE TESTING - 1

opposes destructive testing. It claims that it will be prejudiced because it will not be able to demonstrate the ladder's integrity at trial if Barkis's motion is granted. Because Barkis has shown that the destructive testing is reasonably necessary, and because the prejudice to Core can be minimized, Barkis's motion is **GRANTED**.

## I.    BACKGROUND

On December 12, 2010, Barkis was using the Core ladder, an XTend and Climb Model 770, to put up holiday decorations in his home when he fell and was injured. The particular ladder that Barkis was using can be extended and retracted. He claims that at least one of the rungs collapsed while he stood on the ladder, which caused him to fall and be injured. Barkis alleges that some of the ladder's internal locking components that held the extended ladder rungs in place were defectively designed and manufactured.

Barkis's expert has taken x-rays of the assembled ladder and done other done non-destructive testing. He claims, however, that he cannot obtain the proper x-rays because of the ladder's design. Barkis believes that taking the ladder apart is the only remaining viable option to properly inspect the internal locking components. His expert wants to disassemble the ladder to further inspect and x-ray the internal locking components. Core opposes the destructive testing. It claims that it will be prejudiced because it will not be able to demonstrate the ladder's integrity to the jury and because Barkis has not provided a testing protocol that details how the destructive testing will be conducted.

## II.    DISCUSSION

Barkis contends that the destructive testing is integral to his case. When considering whether to permit destructive testing, four factors should be considered:

> 1) Whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case;
>
> 2) Whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some other way;
>
> 3) Whether there are any less prejudicial alternative methods of obtaining the evidence sought; and
>
> 4) Whether there are adequate safeguards to minimize prejudice to the nonmovant, particularly the non-movant's ability to present evidence at trial.

*Mirchandani v. Home Depot, U.S.A.J. Inc.*, 235 F.R.D. 611, 615 (D. Md. 2006).

All four factors weigh in Barkis's favor. The condition of the ladder's internal components is at the very core of his claims, especially his manufacturing defect claim. He has shown that he unsuccessfully attempted alternative methods of obtaining the evidence. Moreover, the prejudice to Core can be minimized. Core will be allowed to do whatever non-destructive testing it wants to do before Barkis is allowed to take the ladder apart. Either party can videotape the destructive testing, and Core's expert and lawyers can be present. Additionally, Barkis must provide Core with a reasonable written protocol at least 48 hours before the testing is to be completed. If Core has a legitimate issue with Barkis's proposed protocol, the Court will be available for a conference call. Because the destructive testing is necessary and the prejudice to Core can be minimized, Barkis's motion is **GRANTED**.

### III. CONCLUSION

The Motion to Compel Destructive Testing is **GRANTED**. Barkis will be allowed to conduct the proposed testing at a time and place mutually agreeable to the parties subject to the safeguards identified above.

1   IT IS SO ORDERED.

2   Dated this 21st day of August, 2014.

```
                        RONALD B. LEIGHTON
                        UNITED STATES DISTRICT JUDGE
```